UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERRY B. MILLER,

    Plaintiff,

v.

ALAMO TOWNSHIP POLICE DEPT.,

    Defendant.

Case No. 1:13-cv-999

Honorable Paul L. Maloney

**REPORT AND RECOMMENDATION**

This is a civil rights action brought against the Alamo Township Police Department, presumably under 42 U.S.C. § 1983. The *pro se* complaint attempts to allege a claim of false arrest arising from an incident that occurred on November 11, 1997. The complaint contains little detail about the circumstances surrounding plaintiff's arrest, except to assert that the arrest was based on tampered evidence and "fruit from a poisonous tree." Plaintiff does not identify the officers involved in the arrest, but asserts that Kalamazoo Circuit Court records will identify the appropriate defendants.

The court has granted plaintiff leave to proceed *in forma pauperis*, in light of his indigence. Under the provisions of federal law, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). An action will be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*,

490 U.S. 319, 325 (1989). An action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325. A complaint that fails to allege "'enough facts to state a claim to relief that is plausible on its face'" must be dismissed for failure to state a claim. *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Dismissal of a claim as time-barred is also authorized by section 1915(e)(2), when the expiration of the limitations period is obvious on the face of the complaint. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008); *Alston v. Tenn. Dep't of Corr.*, 28 F. App'x 475, 476 (6th Cir. 2002).

## Discussion

Plaintiff's claim for false arrest is subject to summary dismissal, as it is clearly barred by the statute of limitations. Federal lawsuits against state officers for violation of federally guaranteed rights are subject to the most appropriate limitations period prescribed by the law of the forum state. The Sixth Circuit Court of Appeals has repeatedly held that the three-year statute of limitations established by Mich. Comp. Laws § 600.5805(10) should be applied to Michigan civil rights actions. *See, e.g., Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005); *Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir. 1986). Any claim accruing more than three years before the filing of this action on September 11, 2013, is therefore barred. The Supreme Court holds that section 1983 claims for false arrest accrue on the date that the arrest occurred. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Plaintiff's claim in the present case therefore accrued on November 11, 1997, the date of his arrest. The running of the statutory period is not tolled by any intervening incarceration or by a plaintiff's

ignorance of the law. *See Johnson v. Candelas*, No. 99-2451, 2000 WL 1477503, at * 1 (6th Cir. Sept. 26, 2000). Consequently, any federal claim for false arrest against Alamo Township or its officers should have been filed no later than November 11, 2000. Plaintiff's complaint, coming almost thirteen years after the expiration of the limitations period, is clearly time-barred.

### Recommended Disposition

I recommend that plaintiff's complaint be dismissed as time-barred under 28 U.S.C. § 1915(e)(2). I further recommend that leave to appeal *in forma pauperis* be denied, as any appeal from this disposition would be frivolous.

Dated: September 16, 2013           /s/ Joseph G. Scoville
                                    United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).